IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALTON D. BROWN, | ) | |
| | ) | Civil Action No. 10 - 1398 |
| Plaintiff, | ) | |
| | ) | District Judge David S. Cercone |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| JEFFREY A. BEARD, *et al.*, | ) | ECF No. 39 |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

**I.**     **RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss filed by Defendants Beard, Day, DiGuglielmo, Hiltner, Knaver, Murray, Myron, Stanishefski, Varner, White, and Williamson (ECF No. 39) be granted only to the extent that this case should be transferred to the United States District Court for the Eastern District of Pennsylvania. In all other respects, the Motion should be denied without prejudice to Defendants' right to refile upon transfer. Moreover, it is recommended that the Motion to Dismiss filed by Defendants Arias and Prison Health Services, Inc. (ECF No. 36) also be denied without prejudice to Defendants' right to refile upon transfer.

**II.**     **REPORT**

This 42 U.S.C. § 1983 prisoner civil rights action commenced on October 22, 2010, with this Court's receipt of Plaintiff's Motion to Proceed *in forma pauperis*. (ECF No. 1.) The undersigned subsequently issued a Report and Recommendation dated October 25, 2010,

1

recommending that Plaintiff's Motion be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed for Plaintiff's failure to pay the filing fee, with the right to reopen by paying the full $350.00 filing fee within sixty days. (ECF No. 2.) Specifically, the undersigned noted that Plaintiff had at least three prior strikes such that he was not entitled to proceed *in forma pauperis* absent imminent danger and that a review of Plaintiff's allegations indicated that he was not in any imminent danger. Id. Over Plaintiff's Objections (ECF No. 3), the Report and Recommendation was adopted as the Opinion of the Court, Plaintiff's Motion to Proceed *in forma pauperis* was denied, and this case was dismissed. (ECF No. 4.)

Plaintiff appealed (ECF No. 8), and upon finding that Plaintiff had stated continuing danger of serious physical injury that was imminent at the time he filed his Complaint, the Third Circuit Court of Appeals vacated and remanded this case directing this Court to grant Plaintiff's Motion to Proceed *in forma pauperis*. (ECF Nos. 11-13.) As such, Plaintiff's Motion to Proceed *in forma pauperis* was granted and his Complaint was docketed on August 2, 2012. (ECF Nos. 14, 16.) On September 28, 2012, Defendants Arias and Prison Health Services, Inc. (the "Medical Defendants") filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim. (ECF No. 36.) Defendants Beard, Day, DiGuglielmo, Hiltner, Knaver, Murray, Stanishefski, Varner, White, and Williamson (the "Corrections Defendants") filed a Motion to Dismiss on October 4, 2012. (ECF No. 39.) The Corrections Defendants move to transfer this case to the Eastern District of Pennsylvania or, in the alternative, dismiss the Complaint for failure to state a claim.

The Corrections Defendants argue that venue is improper in this Court because none of them reside in the Western District of Pennsylvania and the events or omissions giving rise to

Plaintiff's claims took place outside of this District. Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

As the Corrections Defendants correctly note, the Complaint concerns events that occurred solely at the State Correctional Institution at Graterford ("SCI-Graterford"). SCI-Graterford is located in Montgomery County, Pennsylvania, which is located within the territorial boundaries of the Eastern District of Pennsylvania. 28 U.S.C. § 118(a). Except for those Defendants who may be retired and those who are assigned to the Pennsylvania Department of Correction's Central Office, which is located within the Middle District of Pennsylvania, all Defendants reside in the Eastern District of Pennsylvania.

The Corrections Defendants also argue that a transfer of venue is appropriate under 28 U.S.C. § 1404(a) because the Western District of Pennsylvania is an inconvenient forum. Pursuant to Section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Court must first determine whether an adequate alternative forum exists, and where an alternative exists, transfer hinges on a balancing of private and public interest factors. *See* Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995). The private interests include: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where the claims arose; (4) the convenience of the parties given their relative physical and financial considerations; (5) the convenience of the witnesses to the extent they may be

unavailable for trial in a given forum; and (6) the location of books and records to the extent they could not be produced in the alternative forum. Id. at 879. The public interests include: (1) the enforceability of the judgment; (2) practical considerations of trial logistics; (3) the relative court congestion of the two fora; (4) the local interests of each forum in deciding local controversies; (5) the public policies of the fora; and (6) the judges' relative familiarity with the applicable law. Id. at 879-80.

Here, this action could have been brought in the Eastern District of Pennsylvania. Other than Plaintiff's choice of forum, the private and public factors in this case weigh in favor of transfer. While "the plaintiff's choice of venue should not be lightly disturbed," Jumara, 55 F.3d at 879, it is entitled to less deference when the events giving rise to the lawsuit took place outside of the chosen forum. See Cameli v. WNEP-16 The News Station, 134 F. Supp. 2d 403, 405 (E.D. Pa. 2001). Clearly the Eastern District of Pennsylvania is a more convenient forum for all parties, as that is where all events giving rise to this lawsuit occurred, where the majority of the Defendants reside, and where Plaintiff is still incarcerated.[1] As such, the Court should grant the Corrections Defendants' Motion to Dismiss only to the extent that it seeks a transfer of venue to the Eastern District of Pennsylvania.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss filed by Defendants Beard, Day, DiGuglielmo, Hiltner, Knaver, Murray, Myron, Stanishefski,

---

[1] It appears that only Defendants Beard and Varner may reside outside of the Eastern District of Pennsylvania. Defendant Beard is the former Secretary for the Pennsylvania Department of Corrections and Defendant Varner is the current or former Chief Grievance Officer for the Pennsylvania Department of Corrections. The Pennsylvania Department of Corrections is headquartered in Mechanicsburg, Pennsylvania, located within the Middle District of Pennsylvania. Also, Prison Health Services, Inc., now Corizon Health, is headquartered in Brentwood, Tennessee. The Court is not aware of which Defendants, if any, are retired and reside in the Western District of Pennsylvania.

Varner, White, and Williamson (ECF No. 39) be granted only to the extent that this case should be transferred to the United States District Court for the Eastern District of Pennsylvania. In all other respects, the Motion should be denied without prejudice to Defendants' right to refile the Motion upon transfer. Moreover, it is recommended that the Motion to Dismiss filed by Defendants Arias and Prison Health Services, Inc. (ECF No. 36) also be denied without prejudice to Defendants' right to refile the Motion upon transfer.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: October 5, 2012

_____
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Alton D. Brown
DL-4686
SCI Graterford
Graterford, PA 19426-0246
*Via U.S. Mail*

Counsel of record.
*Via ECF Electronic Mail*